

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JAN 1 4 2016

BY_____ D. MARK JONES, CLERK
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MICHAEL A. BACON,<br><br>               Plaintiff,<br><br>v.<br><br>RUDY BAUTISTA et al.,<br><br>               Defendants. | **MEMORANDUM DECISION &**<br>**DISMISSAL ORDER**<br><br><br><br>Case No. 2:15-CV-174-DS<br><br>District Judge David Sam |

Plaintiff, Michael A. Bacon, an inmate at Central Utah Correctional Facility, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2015), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. His complaint is now before the Court for screening. *See id.* § 1915(e).

### Screening Analysis

### A. Standard of Review

This Court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant. *See id.* § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at

1110. However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### B. Plaintiff's Allegations

Plaintiff's Complaint alleges what appear to be ineffective-assistance-of-counsel claims against Rudy Bautista, his public defender in his state criminal case. He also alleges related claims against Tyson V. Hamilton, the prosecutor in his case.

### C. Improper Defendants

To establish a cause of action under § 1983, Plaintiff must allege (1) the deprivation of a federal right by (2) a person acting under color of state law (without immunity). *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).

The Complaint names Defendant Bautista based on his role as Plaintiff's public defender. "However, the Supreme Court has stated that 'a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Garza v. Bandy*, No. 08-3152, 2008 U.S. App. LEXIS 17440, at *4 (10th Cir. Aug. 13, 2008) (unpublished) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Additionally, "'even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983.'" *Id.* (quoting *Briscoe v. LaHue*, 460 U.S. 325, 329 n. 6 (1983)). Thus, Plaintiff's claims against Defendant Bautista may not proceed here.

Further, a prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). The prosecutor's acts, as alleged by Plaintiff, appear to relate to advocacy before the court. Defendant Hamilton is therefore entitled to absolute prosecutorial immunity from this lawsuit and is dismissed.

### D. *Heck*

"In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, No. 08-4158, 2009 U.S. App. LEXIS 4302, at *4 (10th Cir. Mar. 5, 2009) (unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* prevents litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Defendants violated his constitutional rights during state criminal proceedings. These arguments attack Plaintiff's underlying conviction and sentence. *Heck* requires that, when a plaintiff requests damages in a § 1983 suit, this Court must decide whether judgment in the plaintiff's favor would unavoidably imply that the conviction or sentence is invalid. *Id.* at 487. Here, it would. If this Court were to conclude that Plaintiff's constitutional right to effective assistance of counsel was violated in a prejudicial manner, it would be stating that Plaintiff's conviction and sentence were not valid.

Thus, this complaint "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has not happened. The Court must thus dismiss Plaintiff's complaint.

Finally, Plaintiff's request to have his conviction invalidated may be properly raised only in a habeas corpus petition.

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** with prejudice, under 28 U.S.C.S. § 1915(e)(2)(B) (2015), for failure to state a claim on which relief may be granted. And, neither liberal interpretation of Plaintiff's claims nor opportunity to amend would lead to a different result.

DATED this _14_ day of January, 2016.

BY THE COURT:

DAVID SAM
United States District Judge